# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00361-CV

**M. B., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE 466TH DISTRICT COURT OF COMAL COUNTY
### NO. C2023-1410E, THE HONORABLE MELISSA MCCLENAHAN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Mother appeals the district court's final order terminating her parental rights to her child, A.C.[1] *See* Tex. Fam. Code § 161.001. After a bench trial, the district court found by clear and convincing evidence that statutory grounds existed for terminating Mother's parental rights and that termination of those rights was in the child's best interest. *See id.* § 161.001(b)(1)(O), (2).

Mother's court-appointed attorney has filed a motion to withdraw supported by an *Anders* brief, concluding that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (per curiam) (approving use of *Anders* procedure in appeals from terminations of parental rights). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal. *See* 386 U.S. at 744; *Taylor v. Texas Dep't of Protective & Regul. Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied).

---

[1] For privacy, we refer to the child by an alias and to the child's family members by their relationships to the child or by aliases. *See* Tex. R. App. P. 9.8.

Mother's counsel has certified to this Court that he has provided Mother with a copy of the *Anders* brief and the motion to withdraw and advised her of her rights to examine the appellate record and to file a pro se brief. To date, Mother has not filed a pro se brief. The Department of Family and Protective Services has filed a response to the *Anders* brief, stating that it will not file a brief unless requested by this Court or after reviewing any pro se response.

Upon receiving an *Anders* brief, we must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988); *Taylor*, 160 S.W.3d at 647. We have conducted an independent review of the entire record, including the *Anders* brief submitted on Mother's behalf. We have found nothing in the record that might arguably support an appeal, and we agree the appeal is frivolous and without merit. We have specifically reviewed the district court's findings as to Mother under subsection (O) of Family Code section 161.001(b)(1), and we have found no nonfrivolous issues that could be raised on appeal with respect to that finding. *See In re N.G.*, 577 S.W.3d 230, 237 (Tex. 2019) (per curiam). Accordingly, we affirm the district court's order terminating Mother's parental rights.

However, the Supreme Court of Texas has held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in th[e Supreme Court of Texas], including the filing of a petition for review." *In re P.M.*, 520 S.W.3d at 27. Accordingly, counsel's obligation to Mother has not yet been discharged. *See id.* If after consulting with counsel Mother desires to file a petition for review, her counsel should timely file with the Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See id.* at 27–28. Counsel's motion to withdraw is denied.

_____

Darlene Byrne, Chief Justice

2

Before Chief Justice Byrne, Justices Triana and Kelly

Affirmed

Filed:   October 2, 2024